**UNITED STATES of America,
Plaintiff,**

*v.*

**Henry MONROE, Defendant.
Cr. No. 28450.**

United States District Court
E. D. Louisiana,
New Orleans Division.
April 23, 1962.

Peter E. Duffy, Asst. U. S. Atty., for plaintiff.

Charles A. Byrne, New Orleans, La., for defendant.

AINSWORTH, District Judge.

On a motion to suppress evidence defendant seeks to exclude as evidence 95.676 grams of heroin hydrochloride in 1,764 capsules, seized from his person by federal narcotics agents on November 18, 1961. The defendant was concededly arrested without an arrest warrant and searched as an incident thereto, all of which he claims was in violation of his rights as guaranteed by the Fourth and Fifth Amendments of the United States Constitution.

The defendant specifically alleges that the arresting officers did not have probable cause for a lawful arrest, and further that even if there was probable cause, the arrest was unlawful without an arrest warrant since the agents had sufficient time to secure a warrant.

The Supreme Court has decisively and unequivocally adopted the Exclusionary Rule of Evidence. Any evidence illegally seized by federal officers will be excluded from consideration in the federal courts in a criminal prosecution for offenses against the Government.[1] The basis of the Exclusionary Rule is the Fourth Amendment to the United States Constitution which guarantees to the citizens of the United States that "The right * * * to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, * * *."[2]

1. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914).

2. U.S.C.Const. Amend. 4.

This right protects all, the guilty and the innocent.[3]

 The second clause of the Amendment declares: "And no Warrants shall issue, but upon probable cause * * *."[4] However, a search warrant is not essential to every lawful search and seizure. A search of the person and seizure therefrom may be made when it is incident to a lawful arrest.[5] A lawful arrest for a violation of the narcotics laws may be made by agents of the Bureau of Narcotics without an arrest warrant,

> "* * * where the violation is committed in the presence of the person making the arrest or where such person has *reasonable grounds* to believe that the person to be arrested has committed or is committing such violation." 26 U.S.C. § 7607(2). (Emphasis added.)

██ The terms "probable cause" as used in the Fourth Amendment and "reasonable grounds" as used in the above quoted Narcotics Control Act are concepts having virtually the same meaning.[6] A comprehensive definition of what constitutes "probable cause" or "reasonable grounds" to support an arrest without a warrant has never been given but each case is to be decided upon its own facts and circumstances.[7]

██ The following facts and circumstances brought out in the hearing on this motion to suppress evidence conclusively show that there was "probable cause" or "reasonable grounds" for this arrest:

(1) The New Orleans Office of the Federal Bureau of Narcotics was advised by a reliable informer that a known New Orleans, Louisiana, narcotics peddler (Margaret Thomas) was receiving her supply of narcotics from Henry Monroe, a Negro male, 55 years old, who lived in Chicago, Illinois, but periodically visited Mrs. Emma Monroe in New Orleans.

(2) An investigation of the toll checks of the telephone listed for Mrs. Emma Monroe of New Orleans revealed that three long-distance telephone calls were made to a Chicago, Illinois, telephone number listed in the name of Henry Monroe.

(3) The defendant was observed by narcotics agents entering and on separate occasions near the residence of the New Orleans narcotics peddler.

(4) The agents checked the identity of Henry Monroe and discovered that he was known as a narcotics violator in the Chicago area and that he had two prior narcotics convictions.

(5) A photograph of Henry Monroe sent by the Chicago Office of the Bureau of Narcotics was identified by the informer as that of the supplier of the New Orleans narcotics peddler.

(6) The informer advised the agents that Henry Monroe was due to bring a supply of narcotics from Chicago into New Orleans on or about November 15, 1961.

(7) On November 18, 1961, the agents observed the defendant in the Union Passenger Terminal, New Orleans, Louisiana, leaving a train which had just arrived from Chicago.

[8] Defendant's alternative contention is that even if there was probable cause this arrest was nevertheless un-

---

3. Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374 (1931).

4. U.S.C.Const. Amend. 4.

5. "Yet no one questions the right, without a search warrant, to search the person after a valid arrest. The right to search the person incident to arrest always has been recognized in this country and in England. Weeks v. United States, 232 U.S. 383, 392 [34 S.Ct. 341, 58 L. Ed. 652.]" United States v. Rabinowitz, 339 U.S. 56, 60, 70 S.Ct. 430, 94 L.Ed. 653 (1950).

6. United States v. Walker, 7 Cir., 1957, 246 F.2d 519; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

7. See Draper v. United States, supra, p. 313, 79 S.Ct. 329, for discussion of "probable cause" and footnote 5 therein for a listing of the cases.

lawful because the agents had ample and sufficient time to secure a warrant. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950), is dispositive of that contention. Rabinowitz, supra, expressly overruled Trupiano v United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948), and held that an arrest based on probable cause did not require a warrant even though there had been sufficient time to obtain a warrant.[8]

Since neither the Fourth Amendment nor 26 U.S.C. § 7607 requires a warrant if probable cause exists even though there is sufficient time to secure a warrant, and the facts here conclusively show that probable cause did exist, defendant's motion to suppress evidence is denied.

---

8. "To the extent that Trupiano v. United States, 334 U.S. 699, [68 S.Ct. 1229, 92 L.Ed. 1663,] requires a search warrant solely upon the basis of the practicability of procuring it rather than upon the reasonableness of the search after a lawful arrest, that case is overruled." United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950).