Henry MONROE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19797.

United States Court of Appeals Fifth Circuit.

July 18, 1963.

Rehearing Denied Aug. 29, 1963.

278

Benjamin E. Smith, New Orleans, La., for appellant.

Peter E. Duffy, Asst. U. S. Atty., New Orleans, La., for appellee.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and DeVANE, District Judge.

DeVANE, District Judge.

Appellant was indicted, tried and convicted on two counts of a three count indictment charging a violation of 21 U.S.C.A. § 174 (the Narcotic Import Act) and 26 U.S.C.A. § 4724 (the Harrison Narcotic Act) relative to the possession and transportation of narcotic drugs, to-wit: 1764 capsules of heroin. After conviction, appellant was sentenced to be imprisoned twelve years on count one and ten years on count two, said sentences to run concurrently. Monroe then timely appealed his conviction to this Court.

Appellant was arrested on November 18, 1961, at the Union Passenger Terminal in New Orleans, Louisiana, shortly after he alighted from a passenger train, which had just arrived from Chicago. A search of his person which followed his arrest by Treasury Agents disclosed he was carrying in a brown paper bag a glass jar containing 1764 capsules of heroin hydrochloride. His arrest was the culmination of an investigation of his activities over a substantial period of time, i. e. from August 14, 1961, through November 16, 1961.

Following his arrest and search, appellant filed in the District Court a motion to suppress as evidence the capsules containing heroin seized from defendant by the Narcotic Agents incident to his arrest without warrant. Appellant was granted a full and fair hearing on this motion, which motion to suppress the evidence was denied. The opinion of the trial Judge relative to this motion to suppress evidence is reported in United States v. Monroe, (1962) 205 F.Supp. 175.

Appellant contends that inasmuch as he was under close surveillance of the Government Agents for more than sixty days that the Government Agents were

fully aware of his criminal activities long before his arrest, and for this reason they were obligated under the law to secure a warrant of arrest and a search warrant prior to his arrest.

The Narcotic Control Act of 1956, 26 U.S.C. § 7607 (1957), specifically provides that agents of the Federal Bureau of Narcotics are authorized to make arrests without warrants for violations of the narcotic laws where the violations are committed in their presence or where they have reasonable grounds to believe that the person arrested is in the process of committing an offense against the laws of the United States relating to narcotic drugs. Draper v. United States, (1959) 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; Espinoza v. United States, (5th Cir.1960) 278 F.2d 802.

■ Rules 3, 4 and 41 of the Federal Rules of Criminal Procedure relied on by appellant, which set forth the requirements necessary for the issuance of both an arrest warrant and a search warrant, do not require the issuance of either under the facts and circumstances of this case. The questions presented to us on this appeal are so thoroughly treated and disposed of by the trial Judge who heard the motion to suppress the evidence as reported in United States v. Monroe, supra, it is unnecessary for this Court to labor these points any further other than to say that this Court affirms the decision of the trial Judge relative to appellant's motion to suppress the evidence.

Next, appellant insists that through cross-examination the Government obtained admissions to the effect that appellant had given an incomplete if not a false name, that he had a package of stolen heroin and that he was going to sell it if he could. Appellant contends these facts were thoroughly irrelevant to the issue raised at the hearing of appellant's motion to suppress.

■ The record discloses that on direct examination appellant testified that he gave the name of "Williams" rather than his real name. He further testified that he advised the Federal Agents that the brown paper bag he was carrying was his "personal property" and that the capsules of heroin contained in the brown paper bag were stolen. All this testimony was originally solicited on direct examination by his own counsel. The cross-examination relating thereto was, therefore, thoroughly proper.

■ Appellant further contends that the testimony of Agent Roger Warner to the effect that the agents had reliable information that Henry Monroe was arriving in New Orleans with narcotics was hearsay and should have been excluded by the trial Court because said testimony was detrimental to the defendant's case. Appellant cites United States v. Mont, 2 Cir., 306 F.2d 412. The decision in this case has no application here for the reason that the answers given by the agent in this case were solicited by appellant's own counsel which constituted "opening the door" for the answers solicited by Government counsel. Moreover, it was the obligation of appellant's counsel to object to the answers given if he thought they were objectionable and to request the Court to strike the portion containing alleged hearsay and instruct the jury accordingly. This was not 'done. Therefore, appellant waived his objection and the trial Court committed no error in allowing the testimony to go to the jury.

■ Prior to resting its case, the Government offered into evidence as an admissions against interest the testimony given by appellant at the hearing on his motion to suppress. Appellant now contends that the admissions made by him were tantamount to a judicial confession and for that reason should not have been submitted until the Government had properly laid a predicate or foundation for its receipt in evidence.

The Court is unable to agree with appellant that the testimony given by him at the preliminary hearing on his motion to suppress amounts to a judicial confession. It is not an admission of guilt, although it is permeated with a number of damaging admissions against interest. Neither counsel for appellant or for the Government cite any decision of this Circuit with reference to the legality or the

illegality of the use of such evidence and this Court is not aware of any decision of this Circuit ruling upon the admissibility of such evidence. However, the question has been decided by other Circuits supporting the receipt of such testimony in the record on the trial of the case. Powers v. United States, (1912) 223 U.S. 303, 32 S.Ct. 281, 56 L.Ed. 448; Fowler v. United States, (10th Cir.1956) 239 F. 2d 93; Heller v. United States, (7th Cir. 1932) 57 F.2d 627, cert. den. 286 U.S. 567, 52 S.Ct. 647, 76 L.Ed. 1298; Kaiser v. United States, (8th Cir.1932) 60 F.2d 410, cert. den. 287 U.S. 654, 53 S.Ct. 118, 77 L.Ed. 565.

The Court finds and holds that in accordance with the rule laid down in the cited cases this testimony was admissible.

The judgment of the District Court is

Affirmed.