**James Edward MASON, Appellant,**

**v.**

**N. L. HALE, Warden, Appellee.**

**No. 25328.**

United States Court of Appeals
Fifth Circuit.

May 29, 1968.

James Edward Mason, pro se.

MacDonald Gallion, Atty. Gen., John C. Tyson, III, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before BROWN, Chief Judge, and SIMPSON and CLAYTON, Circuit Judges.

SIMPSON, Circuit Judge.

The appellant is an Alabama prisoner who sought habeas corpus relief in the court below. The court denied the petition without a hearing. We reverse.

The appellant was convicted of robbery after trial by jury and received the death penalty. The Alabama Supreme Court reversed this conviction on evidentiary matters and remanded the case. Mason v. State, 1953, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847. Upon re-

mand, the appellant pleaded guilty to the same indictment and was sentenced to twenty years. The appellant also pleaded guilty to two other pending robbery indictments and received consecutive life sentences.

The appellant attacked all three convictions in the Alabama State courts by writ of error coram nobis. The trial court denied relief, and the Alabama Supreme Court affirmed. Mason v. State, 1967, 281 Ala. 224, 201 So.2d 61. Available state remedies have been exhausted. Title 28, U.S.C., § 2254.

The district court's reasons for denying appellant a hearing on his habeas corpus petition were that the "grounds alleged by petitioner in his petition before this court were fully and properly examined before the courts of the State of Alabama", and that the allegations made by the appellant in his petition were "frivolous and without merit". We agree as to all but one of appellant's contentions.

The petition before the lower court contained the following pertinent allegation:

> "Petitioner was and still is ignorant to the ways of law, and went alone [sic] with any request his attorney made even when he was told that if he Pled guilty to one charge of Robbery for A 20 Year sentence the remaining charges would be Nolle Prossed and he would not have to face another death sentence. Petitioner did as he was told and was sentenced to 20 years for Robbery on March 18, 1953."

The appellant then continued, alleging that he was later told by his attorney that the "Solicitor was unhappy because his death sentence had been set aside" by the Alabama Supreme Court, and that the only way the appellant could avoid the possibility of another death sentence was to plead guilty to the two remaining robbery indictments and receive life sentences on both, which appellant did. It is apparent from reading the petition that the two robbery indictments to which appellant pleaded guilty were the two indictments which the appellant had allegedly previously been told would be nolle prossed in exchange for his plea of guilty to the first indictment.

We have before us the record and decree entered by the state trial court in the coram nobis proceeding. Therein appellant made the same contention in the following language: "Petitioner was told if he pled guilty to one charge of Robbery for a 20 year sentence the remaining charges would be nolle prossed and he would not have to face another death sentence." However, nothing appearing in the decree entered by the trial court indicated that a finding was made with respect to this contention of appellant. The only allegations actually disposed of by the trial court had to do with an allegedly coerced confession; nothing whatsoever was said with respect to appellant's contention that his plea was made in exchange for the State's promise that the two pending indictments would be nolle prossed.

It is now well settled that a federal court must grant an evidentiary hearing if "the merits of the factual dispute were not resolved in the state hearing." Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). "There cannot even be the semblance of a full and fair hearing unless the state court actually reached and decided the issues of fact tendered by the defendant. Thus, if no express findings of fact have been made by the state court, the District Court must initially determine whether the state court has impliedly found material facts. *No relevant findings have been made unless the state court decided the constitutional claim tendered by the defendant on the merits.*" (Emphasis added) Townsend v. Sain, supra, at 313–314, 83 S.Ct. at 757. The emphasized portions above are equally applicable here. The appellant's claim has not been, but must be, decided.

It is no answer to argue that a hearing would be "futile" or that appellant's

allegations are "improbable and unbe-lievable." Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed. 2d 473 (1962); Walker v. Johnston, 312 U.S. 275, 287, 61 S.Ct. 574, 85 L.Ed. 830 (1941). On the present record, appellant has a right to be heard.

Reversed and remanded.