Henry **MONROE**

v.

**UNITED STATES of America.**

Misc. No. 1333.

United States District Court
E. D. Louisiana,
New Orleans Division.
Aug. 15, 1968.

Henry Monroe, in pro. per.

Louis C. LaCour, U. S. Atty., New Orleans, La., for defendant.

MITCHELL, District Judge.

The petitioner, Henry Monroe, seeks relief under the provisions of 28 U.S.C. § 2255 alleging that his conviction on May 22, 1965, was in violation of his constitutional rights. The Court, having considered the record of the proceedings in this matter, the petition and brief of petitioner, Henry Monroe, decrees:

IT IS ORDERED that the petition, filed under the provisions of 28 U.S.C. § 2255, be and the same is, hereby denied for the reasons set forth below:

*Reasons*

In his petition, petitioner sets forth as grounds for relief the fact that the prosecution was permitted to introduce into evidence and read to the jury (over his counsel's objection) the transcript from a motion to suppress, thus bringing to the attention of the jury petitioner's admission of two prior convictions for narcotic violations.

Petitioner's conviction has been the subject of extensive litigation which commenced on May 21, 1962, when, in the United States District Court for the Eastern District of Louisiana, New Orleans Division, in proceedings numbered 28,450, petitioner was tried and convicted by a jury for unlawfully receiving, concealing, and transporting heroin hydrochloride, in violation of 21 U.S.C. § 174 and 26 U.S.C. § 4724. He was sentenced, on June 6, 1962, as a multiple narcotics offender, to a 12 year term of imprisonment. His conviction was affirmed by the United States Court of Appeals for the Fifth Circuit.[1] Petitioner then applied to the United States Supreme Court for writs of certiorari, which application was denied on January 20, 1964.[2]

Thereafter, petitioner filed in this Court a petition to vacate and set aside his conviction pursuant to 28 U.S.C. § 2255.[3] That petition stated the identical grounds upon which he now seeks relief, i. e., the fact that the prosecution informed the jury of petitioner's two previous convictions for narcotics law violations as a result of his testimony at a motion to suppress, in violation of his constitutional rights. The Court denied the petition in a written opinion which quoted extensively from the decision rendered by the appellate court when it affirmed the original conviction.[4]

He again appealed and the appellate court affirmed the denial.[5]

Petitioner again sought relief under 28 U.S.C. § 2255 on the same grounds on February 15, 1967,[6] and this petition was denied by the district court on March 28, 1967. In its opinion, the district court held that the petition was an attempt by Henry Monroe to have his appeal heard for the third time and constituted an attempt to do indirectly what petitioner could not do directly. From this denial, petitioner prosecuted a third appeal which was denied by the United States Court of Appeals for the Fifth Circuit on March 5, 1968.[7]

In this, his third application for relief under the provisions of 28 U.S.C. § 2255, petitioner acknowledges that on two prior occasions he sought relief upon the identical grounds for which relief is sought herein, i. e., the fact that his constitutional rights were violated when testimony given by him at a motion to suppress concerning two previous convictions as a narcotics law violator was admitted against him at his trial. However, petitioner, in his current applica-

---

1. 320 F.2d 277.

2. 375 U.S. 991, 84 S.Ct. 630, 11 L.Ed.2d 478.

3. No. 1178, Miscellaneous Docket.

4. Monroe v. United States, 320 F.2d 277, 279, 280 (CA 5–1963).

5. Monroe v. United States, 359 F.2d 380 (CA 5–1966).

6. No. 1251, Miscellaneous Docket.

7. Per Curiam Opinion, 389 F.2d 1005.

tion for relief, relies upon the decision of the United States Supreme Court in Simmons v. United States,[8] which held that the testimony of a defendant at a motion to suppress could not be introduced as evidence against him at his trial.

The sole issue presented is whether the Simmons decision is retroactive.

■ In Johnson v. State of New Jersey,[9] the Supreme Court in denying retroactive application of its holding in Miranda v. State of Arizona,[10] set forth three guidelines which it had formulated in Linkletter v. Walker[11] and Tehan v. United States ex rel. Shott.[12] These guidelines are as follows:

1—The purpose of the new standard;

2—The reliance which may have been placed upon prior decisions on the subject; and

3—The effect on the administration of justice of a retroactive application.

The pivotal issue in each of these cases as to whether or not retroactive effect should be given is the reliability or fairness of the fact-finding process. If this reliability or fairness is present, retroactive effect is denied.

In *Johnson*, supra, the court said:

"Finally, we emphasize that the question whether a constitutional rule of criminal procedure does or does not enhance the reliability of the fact-finding process at trial is necessarily a matter of degree."

In *Linkletter*, supra, it said:

"Finally, in each of the three areas in which we have applied our rule retrospectively the principle that we applied went to the fairness of the trial—the very integrity of the fact-finding process. Here, as we have

pointed out, the fairness of the trial is not under attack. All that petitioner attacks is the admissibility of evidence, the reliability and relevancy of which is not questioned and which may well have had no effect on the outcome."

It is at once apparent that these considerations are present in the instant case as petitioner does not and cannot attack the reliability and relevancy of the evidence, the admissibility of which he questions. Under this criterion, the holding of the *Simmons* case cannot be given retroactive effect.

For final consideration is the effect retrospective application of the *Simmons* holding would have upon the administration of justice.

In *Johnson*, supra, the court noted: "* * * retroactive application of Escobedo and Miranda would seriously disrupt the administration of our criminal laws. It would require the retrial or release of numerous prisoners found guilty by trustworthy evidence in conformity with previously announced constitutional standards."

and in *Linkletter*, supra, the Court concluded:

"Finally, there are interests in the administration of justice and the integrity of the judicial process to consider. To make the rule of Mapp retrospective would tax the administration of justice to the utmost. Hearings would have to be held on the excludability of evidence long since destroyed, misplaced or deteriorated. If it is excluded, the witnesses available at the time of the original trial will not be available or if located their memory will be dimmed. *To thus legitimate such an extraordinary procedural weapon that has no bearing on guilt*

---

8. 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

9. 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

10. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

11. 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

12. 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966).

*would seriously disrupt the administration of justice."* (Emphasis added)

To apply the holdings of *Simmons* retrospectively would result in chaos in the administration of justice and would legitimate a procedural rule that has no bearing on the guilt of the petitioner.

Under these circumstances, the Court concludes that the petition of Henry Monroe is wholly without merit and must be denied.