Henry MONROE, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 26895.

United States Court of Appeals, Fifth Circuit.

Dec. 8, 1970.

Rehearing Denied Dec. 28, 1970.

Henry Monroe, pro se.

Charles W. Nelson, Jr., New Orleans, La. (court-appointed) for petitioner-appellant.

Louis C. La Cour, U. S. Atty., Horace P. Rowley, III, Asst. U. S. Atty., for respondent-appellee.

Before RIVES and SIMPSON, Circuit Judges, and NICHOLS,* Judge of Court of Claims.

PER CURIAM:

Henry Monroe appeals from the lower court's denial of his motion, pursuant to Title 28, U.S.C., Section 2255, to vacate and set aside his conviction and sentence. The lower court opinion is reported as Monroe v. United States, D.C.E.D.La. 1968, 288 F.Supp. 139.

Monroe was initially charged with a number of narcotic violations. Prior to his 1962 trial, he moved to suppress as evidence several heroin capsules seized by the authorities. At the hearing on the motion to suppress Monroe made several admissions against interest. The motion to suppress was denied. During the trial on the merits the testimony of the appellant at the hearing on the motion to suppress was admitted into evidence over the objections of his counsel. Monroe was convicted, and we affirmed that conviction. Monroe v. United States, 5 Cir. 1964, 320 F.2d 277, cert. denied 375 U.S. 991, 84 S.Ct. 630, 11 L.Ed.2d 478 (1964).

Monroe then began filing pro se § 2255 petitions. In the first pro se petition he contested the admission at trial of his testimony at the suppression hearing. The motion was denied, and we affirmed. Monroe v. United States, 5 Cir. 1966, 359 F.2d 380, cert. denied 384 U.S. 978, 86 S.Ct. 1876, 16 L.Ed.2d 689 (1966).

Monroe's second pro se petition alleged the same defect, and was denied by the district court as successive. We affirmed at 389 F.2d 1005, on March 5, 1968. Three days later, on March 8, 1968, the Supreme Court of the United States held that when a defendant testifies in support of a motion to suppress, his testimony at the suppression hearing may not be used against him at the trial on the issue of guilt unless the defendant makes no objection. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

The sole issue here is whether *Simmons*, supra, is retroactive. We are of the view that the *Simmons* rule is an exclusionary rule which does not affect the integrity of the fact-finding process. On this basis we decline to give it retroactive application. Cf. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601, (1965); Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453, (1966); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, (1966). Two of our sister circuits have already ruled that *Simmons* should not be applied retroactively. We agree generally with the reasoning of those cases and are satisfied that they reach the correct result. See United States v. Hart, 2 Cir. 1969, 407 F.2d 1087, cert. denied 395 U.S. 916, 89 S.Ct. 1766, 23 L.Ed.2d 231 (1969); Woodward v. United States, D.C.Cir.1970, 429 F.2d 716.

Affirmed.

---

* Honorable Philip Nichols, Jr., sitting by designation.