440 F.2d 1191
 Richard E. LAKE, Jr., Petitioner-Appellant,
v.
N. L. HALE, Warden, Respondent-Appellee.
No. 30642 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 15, 1971.
 
 Richard E. Lake, Jr., pro se.
 MacDonald Gallion, Atty. Gen. of Ala., Walter S. Turner, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.
 Before GEWIN, GOLDBERG, and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the district court's denial of the appellant's federal habeas corpus petition. We affirm in part, and vacate and remand in part.
 
 
 2
 In these proceedings appellant seeks to challenge two Alabama state convictions, one for robbery, and the other for assault with intent to rob. He alleges numerous constitutional errors relative to his robbery conviction, none of which is supported by the record before this court, which includes the transcript of his state coram nobis hearing on the merits of those contentions.[1] We therefore affirm the district court's denial of habeas relief as to that conviction.
 
 
 3
 Appellant further contends that his conviction for assault with intent to rob is invalid because his plea of guilty was not freely and voluntarily entered, but was coerced by his court-appointed attorney. The state court rejected this claim after conducting a coram nobis hearing on the merits. Although the transcript of that hearing was not prepared and made a part of the record, the district court held that the appellant was not entitled to relief on the basis of the state court's findings of fact and conclusions of law.
 
 
 4
 We do not believe that the court below had an adequate evidentiary basis for this determination in the absence of a complete state record. If that record is unavailable or should fail to show that the appellant had a full and fair hearing in state court, then the district court has a duty to conduct an evidentiary hearing on the merits of this contention. See Townsend v. Sain, 1963, 372 U.S. 293, 319, 83 S.Ct. 745, 9 L.Ed.2d 770; Smith v. Beto, 5 Cir. 1970, 433 F.2d 983; Mason v. Hale, 5 Cir. 1968, 395 F.2d 666.
 
 
 5
 The judgment of the district court is affirmed in part, and vacated and remanded in part, for further proceedings consistent with this opinion.
 
 
 6
 Affirmed in part; vacated and remanded in part.
 
 
 
 [1]
 We note that appellant's allegations that he was denied counsel at his preliminary hearing and denied his right to a direct appeal have never been presented to the state courts, and were not ruled on by the district court. Therefore they are not properly before this court. Fox v. Dutton, 5 Cir. 1968, 406 F.2d 123