**730**

Louis J. Merlo, pro se.

Crawford C. Martin, Atty. Gen., Roland Daniel Green, III, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Merlo appeals from the District Court's denial of his petition for habeas corpus relief. He contends that his burglary conviction is invalid because his court-appointed counsel refused his request to move for a sanity hearing. We affirm.

Having pled guilty to a charge of burglary, Merlo was convicted and sentenced in the 147th District Court of Tarrant County, Texas. Although Merlo filed no direct appeal, he has exhausted available post-conviction remedies under 28 U.S.C.A. § 2254 and the Texas Code of Criminal Procedure art. 11.07. *See* Carroll v. Beto, 5 Cir. 1967, 379 F.2d 329; Henderson v. Beto, N.D. Tex.1970, 309 F.Supp. 244, 246–247. After a full evidentiary hearing, the state trial judge entered written findings of fact and conclusions of law denying relief. The court held that Merlo

was legally sane when he pled guilty, that he did not ask his counsel to move for a sanity hearing, that he received effective assistance from competent counsel, and that he knowingly and voluntarily pled guilty to the offense charged. Without written opinion, The Texas Court of Criminal Appeals affirmed.

 In considering Merlo's federal habeas corpus petition, the District Court adopted the state trial court's findings of fact. The District Judge held that on advice of competent counsel, Merlo consciously waived any possible insanity defense. The record fully supports the District Court's determination. *See* Daugherty v. Beto, 5 Cir. 1967, 388 F.2d 810, 812–814, cert. denied, 1968, 393 U.S. 986, 89 S.Ct. 461, 21 L.Ed.2d 447; Clark v. Beto, 5 Cir. 1966, 359 F.2d 554, 557, cert. denied, 1967, 386 U.S. 927, 87 S.Ct. 875, 17 L.Ed.2d 799.

Affirmed.

**AMERICAN MARINE CORPORATION, Plaintiff-Appellant,**

v.

**Lamar C. JONES, Universal Marine Company, et al., Defendants-Appellees.**

No. 71–1011
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 4, 1971.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part. I.

Neal D. Hobson, Karl E. Boellert, New Orleans, La., for plaintiff-appellant; Milling, Saal, Benson, Woodard & Hillyer, New Orleans, of counsel.

Gibbons Burke, New Orleans, La., for defendants-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Aureliano RODRIGUEZ–LOPEZ, Defendant-Appellant.**

**No. 26861.**

United States Court of Appeals, Ninth Circuit.

April 27, 1971.

O. J. Wilkinson, Jr., of Lim, Wilkinson & Quarelli, Phoenix, Ariz., for defendant-appellant.

Richard K. Burke, U. S. Atty., Joseph S. Jenckes, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before KOELSCH, ELY and TRASK, Circuit Judges.

PER CURIAM:

Appellant was convicted of smuggling into the United States approximately 40 kilos of marihuana, in violation of 21 U.S.C. § 176a. The contraband was discovered by United States customs agents at the port of entry in the automobile appellant was driving.

As we understand it, appellant's contention is that the conduct of the customs officers deprived appellant of his right to due process of law. Noting that, during the search of his vehicle the officers detained him in a room at the customs office where he was unable to observe what went on, he argues that he was

1. See NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.