Fletcher SMITH, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 19629.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 25, 1966.

Decided March 9, 1966.

Messrs. Norman B. Frost and John C. Duncan, III, Washington, D. C. (both appointed by this court), for appellant.

Mr. Edward T. Miller, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Donald S. Smith, Asst. U. S. Attys., were on the brief, for appellee.

Before WRIGHT, McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM:

 In this appeal from a jury conviction of unauthorized use of an automobile, court-appointed counsel have earnestly and capably pressed upon us a number of points.[1] Principal reliance was had upon a claim that the trial court erred in giving an instruction to the jury that it might infer appellant's guilt of unauthorized use from the fact, if unexplained, of possession of a car which had undisputedly been taken from its owner without the latter's consent. The instruction now complained of, although no objection to it was pressed at the trial, is set forth in the margin.[2] Appellant's contention is, not that the instruction so far as it goes is wrong but that the court should have gone on to spell out that, even if no explanation were forthcoming, the jury was not required to infer guilt from possession. But defense counsel at the trial purported to be satisfied with the court's usage of "may infer," and we find no occasion to reverse by reason of the court's failure to enlarge upon this language on its own initiative.

This is not to minimize in any way the role which this possession instruction may have played in the jury's verdict. There was testimony in this case that appellant was the person who unauthorizedly took the car from a commercial parking lot, and that he was also the person found driving the car some three days later. Although the latter fact was not disputed by the defense, alibi witnesses testified for appellant in contradiction of the former and the identification of appellant was not strong. Thus, it is entirely possible that the inference permitted the jury from possession was a very important element in the verdict of guilty.

Appellant did not take the witness stand to explain the possession as contemplated by the second part of the instruction. To the extent that this was a decision motivated by fear of the impeaching effect of prior convictions, appellant's alleged guilt of the crime immediately charged against him may have been largely fixed by his proven guilt of other and past crimes. This suggests

1. Apart from a general contention that the evidence was insufficient to sustain the jury's finding of guilt, which we think not borne out by the record, appellant's other point is that reversible error was committed by the court's permitting the prosecution, over objection, to put on a rebuttal witness after the defense had rested. Although this appears at first blush to have been a dubious departure from the normal procedure, we are inclined to think that the prosecution was motivated by a genuine sense of grievance, of which the court could not be insensitive, over the use by the defense on cross-examination of questions containing factual assumptions which the defense made no effort to establish in its own subsequent presentation of its direct case. At all events, we are not disposed to believe that under the circumstances there was an abuse of discretion necessitating reversal.

2. "If you should find that this defendant had in his possession the automobile which was recently taken from the parking lot in the District of Columbia, and that such possession has not been explained to your satisfaction, then you may infer therefrom the guilt of the defendant as to the charge of unauthorized use of a motor vehicle.

"If, however, you find that there has been an explanation from the testimony in this case of the possession of this automobile, then, of course, you would not so infer."

that, where inferences founded upon unexplained acts are likely to be heavily operative, the court's discretion to let the jury hear the accused's story, unaccompanied by a recital of his past misdeeds, may play an important part in the achievement of justice. See Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). That discretion was not, however, invoked in this trial, which antedated *Luck*.

The judgment of conviction is

Affirmed.