Leonard H. COVINGTON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19717.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 17, 1966.

Decided Dec. 1, 1966.

Mr. Thomas C. Henley, Washington, D. C. (appointed by this court), for appellant. Mr. William W. Greenhalgh, Washington, D. C. (appointed by this court), also entered an appearance for appellant.

Mr. James A. Strazzella, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and DANAHER and TAMM, Circuit Judges.

### PER CURIAM:

Convicted of housebreaking and petty larceny, the appellant here contends he is entitled to a reversal on the basis of "plain error."

Appellant had taken the witness stand to explain his version of the episode revealed during the course of the Government's case. He was questioned on cross examination concerning his conviction of certain prior offenses. Since no objection was voiced by the appellant's counsel and no request had been made for an inquiry by the trial judge, FED.R. CRIM.P. 51, into the probative quality of the convictions, cf. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), we decline to find plain error on the record before us. Rule 52(b).

Here a Government witness heard the sound of breaking glass in a shoe repair shop during the early morning hours of May 30, 1965. The witness saw one man inside the shop and at trial identified the appellant as that man. The witness notified police who presently were on the scene and apprehended the appellant. He was carrying two shoes, one size 9 and the other size 11 and was wearing the mates to the shoes which he had held in his hands. The latter bore the tags of the shoe repair shop. After arrest, the appellant was found to possess some 35 cents which one of the store owners testified had been taken from the store. Without going into additional detail, we are satisfied that the Government's evidence had established so strong a case that it is unlikely the appellant could have suffered prejudice in any event.

Affirmed.