**Frederick H. SCOTT, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 4101.**

District of Columbia Court of Appeals.

Argued Feb. 20, 1967.

Decided April 19, 1967.

---

James Weldon Hill, Washington, D. C., with whom Henry H. Jones, Washington, D. C., was on the brief, for appellant.

Scott R. Schoenfeld, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Edward T. Miller, Asst. U. S. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

Appellant was convicted of receiving stolen goods in violation of D.C.Code 1961, § 22–2205. He urges three grounds for reversal: (1) that a motion to suppress was improperly denied, (2) that a second motion to suppress should have been without the hearing of the jury, and (3) that an instruction on exclusive possession of the goods should have been granted.

A tractor trailer containing Sears, Roebuck merchandise was broken into and some of the contents stolen. In the early morning hours of the same day, a detective of the Metropolitan Police observed through a chain link fence some Sears cartons and wrappings, similar to those reported stolen, in a trash receptacle at the rear of appellant's home. Two officers observed a person moving about within the house and went to the front door and knocked. They testified that appellant responded immediately and was told that some suspected stolen property was in his trash can. They said they told appellant that they had no right to enter his premises without his permission and he responded that he "would help in any way he could." They were allowed to proceed through the house into the yard and remove the goods. Returning through the house, they noticed other articles in plain view clearly marked with Sears tags and labels and in obviously new condition. Appellant stated they were not his and wished them removed if they had been stolen. The officers asked to search the second floor of the building but appellant refused them permission. Subsequently, an informer connected appellant with the theft and a search warrant was issued for the remainder of the house. The search was executed in the presence of appellant's lawyer whom he had summoned in the meantime.

Appellant testified that he was in bed when the police knocked, that they demanded entrance, that he admitted them because he felt he was obliged to, and that when they went to the back yard two other officers were already going through the receptacle having gained access through a break in the fence. All this evidence was considered by a pre-trial motions judge and again at trial. In both instances, the policemen's testimony was given credence and the motions to suppress were denied.

■ Appellant says the initial observation of the goods in the trash can was illegal, citing Work v. United States, 100 U.S.App.D.C. 237, 243 F.2d 660 (1957). In that case the trash can was under the porch within the curtilage, the contraband was hidden and the search was held illegal. But the mere observation of objects in plain view does not constitute an illegal search. Ellison v. United States, 93 U.S. App.D.C. 1, 3, 206 F.2d 476, 478 (1953); cf. Cradle v. United States, 85 U.S.App. D.C. 315, 316, 178 F.2d 962, 963, cert. denied, 339 U.S. 929, 70 S.Ct. 624, 94 L.Ed. 1350 (1950). "It has been said * * * that it is not a search to observe that which is open and patent * * * a search warrant is not necessary where the object sought by the search is visible, open and obvious to anyone within a reasonable distance employing his eyes." United States v. McDaniel, 154 F.Supp. 1, 2 (D.C.D.C. 1957), aff'd., 103 U.S.App.D.C. 144, 255 F.2d 896, cert. denied, 358 U.S. 853, 79 S.Ct. 82, 3 L.Ed.2d 87 (1958).

■ Appellant also argues that the observation of the stolen goods in the house as well as the permission to examine the trash receptacle were illegal in that the consent to enter was not freely given. Consent we agree, must be clear, convincing, free from coercion and intelligently given. Judd v. United States, 89 U.S.App.D.C. 64, 190 F.2d 649 (1951). Here, both officers testified that appellant was advised that he was not required to admit them. That the permission was freely and intelligently given is buttressed by appellant's subsequent

refusal to allow a search of the upstairs area and his summoning of counsel when the search warrant was executed later the same day.

Considering the testimony as a whole, it cannot be held as a matter of law that there was lack of consent, even if appellant knew the entry would disclose damaging evidence. United States v. Gorman, 355 F.2d 151, 158–159 (2nd Cir. 1965).

■ Another contention is that when the trial commenced, the second motion to suppress should have been heard without the jury present. Since he had one earlier hearing before the motions judge and no new evidence or changed circumstance was proffered, this allegation of error is without merit. See generally Rouse v. United States, 123 U.S.App.D.C. 348, 359 F.2d 1014 (1966).

■ Appellant also claims error in the refusal of the trial court to instruct the jury that appellant must have had exclusive possession of the stolen property to be found guilty. The instruction on possession was full and complete and defense counsel indicated at one point with regard to this question that "I will accept your Honor's ruling to present it to them [the jury] and leave it up to them to decide as to actual possession." Moreover, it has been held that the exclusive possession instruction is not required. See (Fletcher) Smith v. United States, 123 U.S.App.D.C. 259, 359 F.2d 243 (1966); Bray v. United States, 113 U.S.App.D.C. 136, 306 F.2d 743 (1962).

Affirmed.