**George E. CREIGHTON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 21724.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 16, 1968.

Decided Nov. 26, 1968.

Mr. Henry H. Paige, Washington, D. C. (appointed by this court) for appellant.

Mr. James E. Kelley, Jr., Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Theodore Wieseman, Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, WRIGHT and LEVENTHAL, Circuit Judges.

DANAHER, Circuit Judge:

Convicted of housebreaking and grand larceny, this appellant here complains principally of the trial court's denial of his motion to suppress evidence taken from the appellant's car at police headquarters.

After the appellant had been observed driving erratically, two officers stopped him, approached his car, and asked to see his license and registration. The appellant responded that his license had been revoked whereupon one of the officers from a police call box verified from traffic records that the driver's permit had been revoked and never restored. One officer in a police cruiser drove the appellant to headquarters, and a detective followed in the appellant's car. When the appellant was being booked he was found to possess a credit card issued in the name of one Canady. By telephoning to the Sixth Precinct in which Canady resided, the arresting officers learned that Canady's home had been burglarized that very day.[1] The officers at the time of the arrest had noticed in plain view several items which appellant had claimed were his own, including a record player on the back seat, and a transistor radio and a shoe box on the front seat of the appellant's car.

Within five minutes after learning the details of the Canady burglary, the officers went to the car already in their possession and removed the described articles which were received in evidence after appellant's motion to suppress had been denied.

The appellant would have us say that the officers should have secured

---

1. Missing were a record player, a radio, a pair of shoes and many other items all of which were later identified by Canady as his property.

a search warrant.[2] We have held that no warrant is required where the questioned evidence is in such plain view as to require no search.[3] We have long since pointed out that mere observation does not constitute a search, as where the officer has good reason to believe that the fruits of crime are freely exposed on the suspect's property. "Law enforcement is difficult enough, without requiring a police officer to free his mind of clues lying flatly before him," [4] we said. Our position later found expression in Harris v. United States [5] respecting which the Supreme Court in affirming wrote:

> Once the door had lawfully been opened, the registration card, with the name of the robbery victim on it, was plainly visible. *It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence.* [Citing cases.] (Emphasis supplied.) [6]

■ We are satisfied that under the circumstances disclosed, the property stolen from Canady, reposing in plain view in the appellant's car, had not been seized as the result of an unlawful search. There simply was no "search." [7] There was no error in the denial of the motion to suppress.

Other points submitted by diligent counsel appointed by this court meet swift disposition. The circumstances of the appellant's possession of the recently stolen Canady property sufficiently predicated the jury's inference of guilt both of larceny and housebreaking.[8] Assuredly we find no plain error insofar as counsel claims the District Court had erroneously failed to consider a *Luck* issue.[9] Moreover, although the appellant did not testify, through witnesses called by the defense his version of events was placed before the jury. It is clear enough that there was ample basis to justify a refusal by the jurors to credit the recital thus pressed upon them. Conversely, the guilty verdict seems an adequate reflection of the evidence offered by the Government.

Affirmed.

2. He relies upon Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964) which, however, is readily distinguishable. There officers opened a glove compartment and even entered the trunk of a car through its back seat. Under such circumstances, the incriminating evidence was held to have been unlawfully seized since the search had failed to meet the test of reasonableness as laid down by the Court.

3. Hiet v. United States, 125 U.S.App.D.C. 338, 372 F.2d 911 (1967).

4. Ellison v. United States, 93 U.S.App. D.C. 1, 3, 206 F.2d 476, 478 (1953); *and see* Norman v. United States, 126 U.S.App.D.C. 387, 379 F.2d 164, cert. denied, 389 U.S. 886, 978, 88 S.Ct. 167, 493, 19 L.Ed.2d 186, 495 (1967).

5. 125 U.S.App.D.C. 231, 370 F.2d 477 (*en banc*, 1966).

6. Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968).

Mr. Justice Black, author of the *Preston* opinion, reemphasized the test of reasonableness in Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), and the Court held that the disposition in *Cooper* was not controlled by the *Preston* holding.

7. *Cf.* Malone v. Crouse, 380 F.2d 741, 744 (10 Cir. 1967).

8. Wood v. United States, 120 U.S.App. D.C. 163, 344 F.2d 548 (1965).

9. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). Gordon v. United States, 127 U.S.App.D.C. 343, 346, 383 F.2d 936, 939 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L. Ed.2d 287 (1968); *and see* Covington v. United States, 125 U.S.App.D.C. 224, 370 F.2d 246 (1966); Smith v. United States, 123 U.S.App.D.C. 259, 359 F.2d 243 (1966).