**Charles E. MORRISON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21998.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 18, 1969.

Decided July 15, 1970.

Petition for Rehearing Granted
Oct. 8, 1970.

Order Oct. 30, 1970.

Mr. H. Alan Young, Washington, D. C. (appointed by this court) for appellant.

Mr. Julius A. Johnson, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty. at the time the brief was filed, and Frank Q. Nebeker, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., entered appearances for appellee.

Before BURGER*, McGOWAN and TAMM, Circuit Judges.

McGOWAN, Circuit Judge:

Charged with a violation of two federal narcotics statutes, 21 U.S.C. § 174 and 26 U.S.C. § 4704(a), appellant was convicted after a jury trial. On this appeal he seeks reversal on three grounds. One is that the verdict was not supported by adequate evidence that appellant was in possession of the narcotics introduced against him. A second contention is that the registration and other administrative provisions of the Harrison Act, of which § 4704(a) is a part, violate appellant's Fifth Amendment privilege against self-incrimination—an issue not raised in the trial court. It is, lastly, claimed that appellant lacked effective assistance of counsel in that, had appellant had available to him a public defender as trial counsel, such a lawyer would have raised the self-incrimination issue. We find none of these persuasive of the necessity of reversal.

I

The Government's case against appellant consisted of evidence that he was found to have 28 heroin capsules in his possession. A police officer testified that the head of a private realty company, which managed an apartment building,

---

\* Circuit Judge (now Chief Justice) Burger did not participate in the disposition of this case.

complained to him that unauthorized persons were making use of a vacant apartment in the building. In response to this complaint, four officers of the Narcotics Squad went to the apartment in question to investigate. The door was locked, but there were sounds indicating that someone was inside. The officers knocked on the door and announced their identity. When no response was forthcoming, they forced the door and entered.

Appellant was standing in the front room, near the hallway leading to the door. When asked by the police what he was doing there, he said he was waiting for a friend. He was thereupon arrested for unlawful entry. A vial, bearing no tax stamps but containing the 28 capsules, was found lying on the floor about three feet from him. He was then informed that he was also arrested for a narcotics violation. Paraphernalia for the preparation and injection of narcotics were also found in the same room, and were seized.

Appellant testified in his own defense.[1] His story was that he had come to the building to visit a friend whose mother lived in an apartment on a lower floor. When a family quarrel broke out, appellant, wishing not to become involved, went upstairs to wait for his friend in the vacant apartment, the door of which was open. He denied that the narcotics or the paraphernalia were his, or in his possession. His friend testified in confirmation of appellant's story, saying that he had told appellant to wait in the vacant apartment, which he knew to be open.

There was neither claim nor evidence that appellant was an addict, except that the arresting officer testified that the

syringe with needle found on the front room floor contained a blood-like liquid, and a red spot was found on appellant's arm which appeared to be blood. This testimony was adduced by the Government to support its claim of possession. Appellant denied that there was any spot of blood on his arm.[2]

## II

Appellant argues that the jury's verdict is not supported by adequate evidence connecting him with the narcotics found at the time of his arrest. The Government points to the circumstances that (1) the narcotics themselves were found only some three feet from where appellant was standing when he was arrested, (2) the kit for the utilization of heroin was also found close at hand, (3) the syringe and needle were found in a condition indicating that they were being used for an injection, and (4) the red spot on appellant's arm suggested he was interrupted while using the syringe for that purpose. Appellant was alone in the apartment and, in any event, says the Government, there was at least constructive possession since appellant was in a position to exert dominion and control over the seized narcotics. *See* Miller v. United States, 121 U.S.App.D.C. 13, 347 F.2d 797 (1965).

■ We agree that the case was properly one for the jury. It could, had it believed the defense testimony, have found for appellant. It did not do so, and, under the provisions of the statutes in question, there was evidence of inadequately explained possession from which it could have inferred commission

1. Appellant sought the privilege to testify in his own defense free of impeachment by prior convictions. *See* Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). This was accorded him by the trial judge, *compare* Smith v. United States, 123 U.S.App.D.C. 259, 261, 359 F.2d 243, 245 (1966), although appellant in his testimony volunteered a statement which indicated that he had just completed serving a sentence for receiving stolen property. The other witness for appellant

was impeached with two prior larceny convictions.

2. This case was, by order of the court, held for decision pending action by the court *en banc* in No. 21,186, Watson v. United States, decided this day. Apart from the self-incrimination issue, none of the questions involved in *Watson* were raised by appellant, either in the trial court or here.

by appellant of the statutorily proscribed acts.

▮ Appellant's second contention, namely, that the statutory presumptions permitting the inference of guilt from proof of possession violated his Fifth Amendment right against self-incrimination, is conclusively disposed of by the subsequent decision of the Supreme Court in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). *And see* Minor v. United States, decided together with Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969).

▮ Lastly, *Turner* concludes the argument made by appellant that, if he had been represented by a public defender, the self-incrimination issue would have been raised successfully in his defense. This defense would, as *Turner* shows, have been without foundation in law. Counsel appointed for appellant in the court below diligently pursued the defense which appellant claimed to be the fact, that is to say, the narcotics were unrelated to his presence in the vacant apartment and should not have been attributed to him. The failure of this defense was due in no way to deficiencies in the quality of appellant's representation in the trial court.

Affirmed.

Before McGOWAN and TAMM, Circuit Judge, in Chambers.

PER CURIAM.

ORDER

On consideration of appellant's petition for rehearing, it is

Ordered by the Court that appellant's aforesaid petition for rehearing is granted and, it is

Further ordered by the Court that the judgment of the United States District Court for the District of Columbia appealed from herein is hereby reaffirmed and, it is

Further ordered by the Court, per order 10–30–70, that counsel for appellee shall show cause, if any there be, in light of the newly available sentencing transcript, why the sentence should not be vacated and the case remanded for resentencing in the light of this Court's decision in Watson v. United States, Number 21,186 decided July 15, 1970.

ORDER

On consideration of appellee's response to the order to show cause and it appearing therefrom that appellee does not oppose a remand for reconsideration of the sentence, it is

Ordered by the Court that the sentence imposed in Criminal 18–68 in the District Court is vacated and this case is hereby remanded to the United States District Court for the District of Columbia for resentencing in the light of this Court's decision in Watson v. United States, No. 21,186 decided July 15, 1970.

The Clerk is directed to transmit the opinion, a certified copy of this Court's judgment and a certified copy of this order to the District Court forthwith.