Billy Mack WALKER, Petitioner-
Appellant,

v.

Dr. George J. BETO, Director, Texas De-
partment of Corrections, Respondent-
Appellee.

No. 30026.

United States Court of Appeals,
Fifth Circuit.

Feb. 10, 1971.

Rehearing Denied March 10, 1971.

Robert L. Owens, Dallas, Tex., for appellant.

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Charles R. Parrett, Asst. Attys. Gen., Austin, Tex., for appellee.

Before JONES, BELL and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is from the denial of habeas corpus relief to a Texas prisoner by the district court. We conclude that the appellant, Billy Mack Walker, did not demonstrate deprivation of any federally guaranteed constitutional rights, and accordingly affirm.

On June 20, 1964, about 3:45 A.M., Officer Gerald Husketh of the Garland, Texas, Police Department was on duty patrolling in a police cruiser northbound on Shiloh Road in Dallas County, Texas. As he neared Halford Park he saw a vehicle without lights travelling south on Shiloh Road. The vehicle was stopped, turned around, and headed in a northerly direction on Shiloh Road still without the aid of headlights or' taillights. The officer followed the automo-

bile for approximately one quarter of a mile, whereupon the driver gave a right hand turn signal and proceeded to turn left on to Belt Line Road, when the lights of the automobile came on. Officer Husketh at this point observed a passenger in the car. The officer followed a short distance along Belt Line Road and signaled the vehicle to halt. It did so and the police car was stopped a short distance to its rear.

The car was a 1959 Ford with Oklahoma license plates. Appellant Walker, the driver, emerged from the car, met the officer between the two cars. Upon request he displayed a valid Oklahoma driver's license. The officer inquired as to the identity of the passenger in the car, now no longer visible, and was told by appellant that "some friends" were in the car. The officer then approached the Ford and with the aid of the flashlight, looked into the window of the car. Inside the car he observed two males lying on the seats, one in front and one in back. The passenger in the back seat had a brown jersey glove on his right hand. On the floor of the car the officer saw two steel pry bars protruding from a briefcase. He also observed two walkie-talkie sets on the seat of the car, and another object covered by a coat.

The officer then told the passengers to get out of the car and searched them for weapons. When several other officers arrived the automobile was searched. The object under the coat was found to be a safe which had been stolen from a grocery store in Garland. In addition to the pry bars, the briefcase contained bolt-cutters, a large concrete chisel, a drill, a screwdriver, vice grip pliers, a punch, and drill bits. A revolver was found tucked under the front seat.

Appellant was convicted of burglary by a jury in the Criminal District Court of Dallas County, Texas, on January 9, 1965 upon a plea of not guilty and received a confinement sentence to an indefinite term of two to ten years. The Texas Court of Criminal Appeals affirmed the conviction.

The appellant's first contention is that the shining of a flashlight through the window of the car to aid the policeman's view of the contents within constituted an illegal search of the car.[1] The answer to that assertion was given by the Second Circuit in United States v. Barone, 1964, 330 F.2d 543, simply "That which is in plain view is not the product of a search." It is now settled law that criminal objects falling within the plain view of a police officer who has a right to be in a position to have the view are subject to seizure and may be introduced into evidence. Harris v. United States, 1968, 390 U.S. 234, 88 S. Ct. 992, 19 L.Ed.2d 1067; Theriault v. United States, 8 Cir. 1968, 401 F.2d 79, cert. denied 393 U.S. 1100, 89 S.Ct. 898, 21 L.Ed.2d 792; United States v. Bourassa, 10 Cir. 1969, 411 F.2d 69; Creighton v. United States, 1968, 132 U.S.App. D.C. 115, 406 F.2d 651. We reject the proposition urged by appellant that nothing untoward had been observed by the officer when he inspected Walker's valid driver's license between the two cars and walked forward to take a better look at the car. The argument is that Officer Husketh should then have permitted Walker to depart in peace, and violated Fourth Amendment rights by walking forward and looking into the

---

1. We discuss herein only the specifications of error possessing possible merit. The following patently frivolous asserted errors are not discussed:

  1. The district court erred in overruling petitioner's "Motion for Order Releasing from Custody of the State of Texas".

  2. The district court erred in not holding that the sentence of the Criminal District Court was invalid in that such sentence was not made to run concurrently with a prior sentence rendered by the United States District Court for the Western District of Texas.

  3. The district court erred in not holding that the resentencing of the appellant by the Criminal District Court without credit for time spent in the custody of the United States prior to such resentencing rendered such sentence invalid.

car. We think the turning around of the car without lights, the misleading turn signal and the appearance and disappearance from view of the passengers were suspicious circumstances warranting further inspection of the vehicle by the officer. Precaution for his own safety as well as investigation of possible wrongdoing required as much.

As this Court's organ in Marshall v. United States, 5 Cir. 1970, 422 F.2d 185, Judge Goldberg trenchantly observed that "The plain view rule does not go into hibernation at sunset" in holding that the aid of a flashlight did not transform a nighttime observation into a search. *Marshall* also notes that Pruitt v. State, Tex.Cr.App.1965, 389 St. W.2d 475, relied upon by the appellant, is unpersuasive and contrary to the great weight of authority.

■ Appellant further contends that the prosecutor at his state trial violated his constitutional rights by inflammatory and prejudicial comment to the jury in closing argument. During the summation the prosecutor referred to the appellant as a "professional criminal". It is further contended that in describing the burglary tools the prosecutor mentioned "dynamite and blasting caps" when no such articles were received in evidence at the trial. The appellee counters that the "professional criminal" comment was a fair statement of the evidence in light of the appellant's prior criminal record. We think further that the evidence adduced by the government as to the possession by the appellant of a rather complete set of tools commonly employed in the burglary business provided sufficient basis for the prosecutor to point out that the appellant was more than an amateur in crime. In the setting of this trial, this was at least arguably fair comment. It cannot be inflated into a Fourteenth Amendment due process question. Again, the record actually shows that electric blasting caps were received in evidence during the testimony of Officer John Wiseman, a state witness specially trained in the handling of high explosives (state trial transcript pages 101–102) after Officer Levi, one of the search witnesses, had testified on both direct and cross-examination (state trial transcript pages 86 and 93–94) to finding the dynamite caps in the 1959 Ford at the time it was stopped. Objection was made at the trial both to Levi's testimony and to the receipt of the articles in evidence but such typical evidentiary rulings fall far short of raising constitutional questions. It borders closely upon the frivolous to bring such matters forward in support of a claim of violation of due process. That is the only context in which we would take notice of them. Scalf v. Bennett, 8 Cir. 1969, 408 F.2d 325. Since the caps were in evidence it was of course proper to permit comment on their being found in the 1959 Ford.

Billy Mack Walker did not demonstrate that he was entitled to habeas corpus relief. The judgment of the district court is

Affirmed.