Eugene ABBOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 44061.

Court of Criminal Appeals of Texas.

Oct. 20, 1971.

Rehearing Denied Nov. 16, 1971.

Charles A. Tucker, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ed McDonough, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by assault enhanced under Article 62, Vernon's Ann.P. C.; the punishment, life.

■ Appellant first complains of the admission into evidence of a pistol and a can of insect spray. Officer Lane testified that the victims gave the sheriff's department the license number and description of the automobile made use of in relation to the offense. Ownership was traced to the appellant. During daytime business hours Officer Lane went to the private place of business where Abbott was employed to execute a warrant for his arrest for this robbery. While on the premises he saw an automobile fitting the description which had been given the sheriff's department. Prior to arresting the appellant, who was not there at the time, he looked inside the automobile and could see the butt of a pistol protruding from under the seat. He then photographed the automobile.

In the jury's absence, Officer Lane testified that he then called the district attorney's office for a ruling as to whether or not to remove the pistol from the car. Because of the possibility that the appellant could remove either the weapon or the car, and in light of appellant's prior record, Lane was instructed to remove the gun. He seized the revolver and the can of insect spray and waited for the appellant's return, whereupon he placed him under arrest.

The appellant relies upon Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970). *Vale* involved a search of a house and is not here controlling. We have concluded that Walker v. Beto, 437 F.2d 1018 (5 Cir. 1971), is more nearly in point. In *Walker* the policeman shined a flashlight into the suspect's automobile in aid of his viewing its contents. The Court there held that the criminal objects falling within the plain view of a police officer who has a right to be in a position to have the view are subject to seizure and may be introduced in evidence. Legall v. State, 463 S.W.2d 731 (Tex.Cr.App.1971). Appellant's first ground of error is overruled.

■ Appellant in his pro se brief complains of the admission into evidence of testimony which showed that in addition to robbing the injured parties of money, they were forced by appellant and his companion to submit to an act of rectal sodomy. In Dillard v. State, 434 S.W.2d 126, 127 (1968), this Court said:

"These acts, along with the act for which the appellant was convicted, all occurred within minutes of each other and constituted one continuous transaction, and as such were admissible." See also Lassere v. State, 458 S.W.2d 81 (Tex.Cr.App.1970).

Finding no reversible error, the judgment is affirmed.