**James THOMPSON, Petitioner-Appellant,**

v.

**Leroy N. STYNCHCOMBE, Sheriff, Fulton County, Georgia, Respondent-Appellee.**

**No. 74-1280**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 16, 1974.

Edward T. Floyd, Decatur, Ga., for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., Lewis R. Slaton, Dist. Atty., Carter Goode, Robert A. Weathers, Morris H. Rosenberg, Asst. Dist. Attys., Atlanta, Ga., for respondent-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

In this habeas corpus appeal Thompson contends the district court should have held that his armed robbery conviction resulted from an illegal search and seizure.

Thompson's car was parked in the driveway of a residence belonging to one William Middlebrooks when officers came to search the premises for stolen liquor under authority of a valid warrant. While near the driveway one officer noticed that the rear end of Thompson's car was abnormally low. He shined a flashlight into the car and, be-

2. Petitioner was indicted August 26, 1969; counsel was appointed in March 1970; the trial began June 22, 1970.

* Rule 18, 5 Cir. Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

cause the back seat was ajar, saw liquor bottles in the trunk. Then he pried open the trunk and seized the liquor.

The officer's search and seizure are amply justified under the plain view doctrine. He had a lawful right to be on the premises, and he saw the liquor simply by peering into the car. The liquor's presence in an automobile, coupled with the lack of advance knowledge that it would be there, created exigent circumstances that justified its seizure. *See* Coolidge v. New Hampshire, 1971, 403 U.S. 443, 468, 91 S.Ct. 2022, 2039, 29 L.Ed.2d 564; Harris v. United States, 1968, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067; Trupiano v. United States, 1948, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663; Walker v. Beto, 5th Cir. 1971, 437 F.2d 1018. The liquor's seizure was also authorized by the officer's search warrant, which described the stolen liquor.

Affirmed.