**UNITED STATES of America**

v.

**Herman PAIGE.**

**Crim. No. Cr. 78–300.**

United States District Court,
E. D. Pennsylvania.

Dec. 14, 1978.

Robert E. Courtney, III, Phila. Strike Force Against Organized Crime and Racketeering, U. S. Dept. of Justice, Philadelphia, Pa., for The Government.

Stanley M. Shingles, Philadelphia, Pa., for defendant.

review of the memorandum and order of Magistrate Raby dated September 12, 1978 is denied as moot.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

The defendant pleaded guilty on October 19, 1970, to violating Title 18, United States Code, Section 659, that is, possession of goods of a value in excess of $100 stolen from a foreign shipment knowing that the goods were stolen. Pursuant to Rule 609(a)(1) of the Federal Rules of Evidence, he moves to prevent the government from impeaching his credibility by use of that conviction in the upcoming criminal trial of the above-captioned matter. Rule 609(a)(1) provides:

> "For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant."

It is the government's burden to establish that the probative value of the prior conviction's use outweighs its prejudicial effect. *United States v. Hayes,* 553 F.2d 824 (2d Cir.), *cert. denied,* 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977). In this case, where the defendant is charged with the knowing receipt and concealment of stolen securities in violation of Title 18, United States Code, Section 2315, the government has failed to meet that burden.

To make the necessary determination under Rule 609(a)(1) the Court should take into account certain factors:

(1) the impeachment value of the prior crime;

(2) the point in time of the conviction and the witness's subsequent history;

(3) the similarity between the past crime and the charged crime;

(4) the importance of the defendant's testimony; and

(5) the centrality of the credibility issue.

*United States v. Mahone,* 537 F.2d 922 (7th Cir.), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976). Upon balancing these factors in this case, the Court is convinced that evidence of the prior conviction should be excluded.

Although the defendant's prior crime reflects adversely to his honesty and integrity, the length of time between that conviction and the present trial lessens its probative value. Eight years ago he entered that plea and received a five year sentence which term was suspended but for one month. Since that time, he has not been convicted of any other crimes. Therefore, the defendant's subsequent criminal history and the prior conviction's age diminish its probative value.

On the other hand, the prior conviction's effect on the jury is likely to be extremely prejudicial. The prior crime and the presently charged crime are similar, sharing the common element of possession of stolen goods. Although the government argues that the "similarity in the crimes is the strongest argument in support of the use of this evidence," the law is directly to the contrary. Similarity between the crimes weighs strongly in favor of exclusion. *United States v. Seamster,* 568 F.2d 188 (10th Cir. 1978); *United States v. Hawley,* 554 F.2d 50, n. 6 (2nd Cir. 1977); *United States v. Hayes, supra.* Revealing the prior conviction to the jurors may cause them to believe that if the defendant "did it before he probably did so this time." *Gordon v. United States,* 127 U.S.App.D.C. 343, 347, 383 F.2d 936, 940 (1967), *cert. denied,* 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968). Because such use of the prior conviction would be highly prejudicial and improper, prior similar crimes generally are not admitted unless strong reasons exist for disclosure.

In this case, it is especially important that the defendant feel free to testify and this also weighs heavily against allowing the impeachment use of the prior similar conviction. The government is likely to ask the Court to instruct the jury that it may infer guilt from proof of the defendant's

recent possession of stolen goods, if the defendant has failed to explain such possession to the jury's satisfaction. This instruction is usually given, and it practically shifts the burden to defendant to explain his possession of the goods. For the defendant to do so, he probably will have to testify. Thus, his defense will be prejudiced severely if he is deterred from testifying from fear that he will be convicted on the basis of a prior crime. *Suggs v. United States,* 129 U.S.App.D.C. 133, 391 F.2d 971 (1968). Therefore, as was recognized in *Smith v. United States,* 123 U.S.App.D.C. 259, 359 F.2d 243 (1966), justice requires that use of the prior conviction be disallowed unless the government shows strong justification. As the prior conviction's probative value is limited, such justification has not been shown here.

Therefore, the motion will be granted.